**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Attorneys for Plaintiff,
RONIT LARONE, and on Behalf of the Class

**DENTONS US LLP**
Laura Leigh Geist (SBN 180826)
Kelly R. Graf (SBN 301325)
Thomas R. Worger (SBN 311312)
1999 Harrison St., Suite 1300
Oakland, CA 94612-4709
Tel:  (415) 882-5000
Fax:  (415) 882-0300
Email: laura.geist@dentons.com
Email: kelly.graf@dentons.com
Email: thomas.worger@dentons.com

Attorneys for Defendants,
 METROPOLITAN LIFE INSURANCE COMPANY
and MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC

[*Additional Counsel for Plaintiff listed on the following page*.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIT LARONE, Individually, as Trustee of the Gary Lang Trust; and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC, a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00995-AB-AGR<br><br>**JOINT STATUS REPORT**<br><br>**Judge**: Hon. André Birotte Jr.<br>**Magistrate**: Hon. Alicia G. Rosenberg<br><br>**Removed:** February 4, 2021 |

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Georg M. Capielo (SBN 245491)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: gcapielo@einsurelaw.com
Email: sball@einsurelaw.com

Attorneys for Plaintiff,
RONIT LARONE, and on Behalf of the Class

**DENTONS US LLP**
Spencer D. Hamilton (*pro hac vice*)
2000 McKinney Avenue #1900
Dallas, Texas 75201
Tel: (214) 259-0910
Email: spencer.hamilton@dentons.com

**DENTONS US LLP**
Sandra D. Hauser (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6802
Email: sandra.hauser@dentons.com

Attorneys for Defendants,
METROPOLITAN LIFE INSURANCE COMPANY
and MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC

Pursuant to the Court's Order, ECF No. 32, granting Defendants' motion to stay this action, Plaintiff Ronit Larone and Defendants Metropolitan Life Insurance Company and Mercer Health and Benefits Administration, LLC respectfully submit this Joint Status Report.

## I. BACKGROUND

In this putative class action, Plaintiff alleges that Defendants violated California Insurance Code Sections 10113.71 and 10113.72 (hereinafter "the Statutes"), which require insurers to provide certain minimum notices and grace periods to its life insurance customers before terminating a policy for nonpayment of premium. Defendants deny all material allegations.

In April of 2021, Defendants filed a Motion to Dismiss arguing that the Statutes do not apply to the policy in question because: a) California law does not apply to the policy; and b) even if California law does apply, these Statutes do not apply to this policy because the Statutes were enacted in 2013 and Plaintiff's policy was issued prior to 2013. Alternatively, Defendants argued that the case should be stayed pending decisions in appeals ongoing at the time, including *McHugh v. Protective Life Ins. Co.*, No. No. S259215 (Cal.); *Thomas v. State Farm Life Ins. Co.,* No. 20-55231 (9th Cir.); and *Bentley v. United of Omaha Life Ins. Co.*, No. 20-55466 (9th Cir.).

Defendants argued that *McHugh* and the other pending decisions "will clarify the law and substantially narrow the issues in dispute in this case, if not moot the case entirely." ECF No. 17-1 at 19. Plaintiff opposed Defendants' motion.

Ultimately, the Court granted Defendants' request for a stay agreeing with Defendants that the three referenced cases "will clarify the law and narrow the issues in this case." ECF No. 31 at 1. The Court declined to consider dismissal, denying, without prejudice, Defendants' motion to dismiss as moot. *Id.* at 2.

Finally, the Court ordered the parties to file a joint report on the status of the pending appeals within 10 days of any case being resolved. *Id.* The court further ordered that the parties also set for their positions as to that case's impact on this case

and whether the stay should be maintained or lifted. *Id.* The status of the three appeals and the parties' respective position statements are outlined below.

## II. STATUS OF THE APPEALS

Since the Court stayed this case, the Ninth circuit has stayed both *Thomas* and *Bentley* pending a decision in *McHugh*. On August 30, 2021, the California Supreme Court reached a decision in *McHugh*, reversing the judgment of the Court of Appeal and remanding for proceedings consistent with its decision. *McHugh v. Protective Life Ins. Co.*, No. S259215, 2021 Cal. LEXIS 6144, at *1 (Aug. 30, 2021).

## III. THE PARTIES' POSITIONS REGARDING THE CURRENT STAY

### A. Plaintiff's position

The *McHugh* decision clearly resolves a major legal dispute, as Defendants anticipated would happen in their motion to stay. Namely, *McHugh* answered in the affirmative whether the Statutes apply to all policies issued prior to 2013, like the policy in question here. *See McHugh,* 2021 Cal. LEXIS 6144 at *3. ("We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued.") There is, thus, no need to await decisions from *Bentley* and *Thomas,* which weighed an alternative theory to answer the *same* ultimate question (whether the Statutes apply to policies issued before 2013). *Bentley* and *Thomas*, for all intents and purposes, are now moot on this issue.

The stay should be lifted and the Court should order Defendants to respond to the complaint seasonably. Plaintiff leaves it to the Court's considered discretion as to whether to lift the stay now or wait a few more weeks for the case to become "final" per the California Rules of Court, but there is no reason to extend the stay beyond the end of the month. Notably, Judge Aenlle-Rocha, in an analogous case against Colonial Penn Life Insurance, recently lifted a similar stay immediately in the wake of the *McHugh* decision, noting that there was no reason for further delay. *See Kelley*

*v. Colonial Penn Life Ins. Co.,* No. 20-cv-03348-FLA-E, at ECF No. 27 (C.D. Cal. Sept. 8, 2021).

Finally, to the extent Defendants are now trying to shoe-horn a *new* motion for a stay into a status report and based on a different case (the *Clark* case) not previously part of the Court's original stay order, ECF 32, the Court should resist such tactics. Defendants ask for what is essentially another indefinite stay. The *Clark* case is, itself, administratively stayed and does not even have a briefing schedule assigned yet. Of course, should Defendants wish to file a separate motion to stay based on *Clark* or any other case, they are certainly free to do so in due course once this current stay is lifted. Plaintiff will oppose any such request.

**B.     Defendants' position**

1.     Impact of *McHugh*.

The California Supreme Court's decision in *McHugh*—as it currently stands—could limit Defendants' ability to argue that California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes") do not apply to individual life insurance policies issued or delivered in California before the Statutes took effect on January 1, 2013. The *McHugh* court found that the statutory language was ambiguous (Opinion at 27-28, 30-33) and thus relied on extrinsic sources, including the legislative history (*id.* at 12, 33), to conclude that the Statutes applied to individual life policies in force as of the Statutes' effective date (*id.* at 33). In doing so, the California Supreme Court took care not to disturb the jury verdict issued in the trial court. (*Id.* at 42-43 n.10.)

Critically, the *McHugh* analysis and decision as to retroactivity focused only on whether the Statutes "apply to McHugh's policy and *similarly situated* ones." (*id.* at 26 (emphasis added).) Neither Plaintiff's policy, nor the putative class in this case, consist of policies situated similarly to the one at issue in *McHugh*. As such, the *McHugh* decision does not disturb Defendants' arguments that the Statutes apply only to policies <u>issued or delivered in California</u>, that Section 10113.72 applies only

to <u>individual</u> life insurance policies, or that Defendants substantially complied with the Statutes. Further, the Court's ruling that the Statutes are ambiguous forecloses any claim of bad faith based on the Statutes.

### 2. The Court Should Maintain the Stay.

While the California Supreme Court's ruling could bear on a legal issue raised in this case, it would be procedurally premature to lift the stay now.

First, the *McHugh* opinion is not yet final. The opinion of the court will not become final until at least September 29, 2021—30 days after filing. *See* Cal. R. Ct. 8.532(b)(1). During this period, the decision remains subject to modification or rehearing. Moreover, Defendants and Respondent Protective Life Insurance Company may file a petition for a writ of certiorari any time within 90 days after entry of the judgment, seeking review from the United States Supreme Court. *See* U.S. Sup. Ct. Rule 13(a).

Second, it remains unclear how the Ninth Circuit will proceed on these issues in light of the *McHugh* holding. The Court's stay (Dkt. No. 32) is conditioned on all three cases, not just *McHugh*. The Ninth Circuit has yet to decide *Bentley v. United of Omaha Life Ins. Co.*, 20-55466 and *Thomas v. State Farm Life Ins. Co.*, 20-55231.[1] In addition, other cases pending before the Ninth Circuit raise issues that bear directly on this case, including *Clark v. Transamerica Life Ins. Co.*, 20-16756 and *Elmore v. Hartford Life & Accident Ins. Co.*, 20-55118. In *Clark*, the plaintiff has appealed the Eastern District's order dismissing claims factually similar to the ones asserted in this case. (*See* Dkt. No. 17-3 (Ex. A) at 001-009.) The *Clark* court held that Section 10113.71 makes clear that its provisions apply only to policies issued or delivered in California and that Section 10113.72 makes clear that its provisions apply only to individual life insurance policies—not group policies like Plaintiff's here. (*See id.* at

---

[1] The parties in those appeals have yet to file their respective status reports (due September 13, 2021) or otherwise advise the Ninth Circuit if supplemental briefing is required. The *McHugh* holding will afford those parties an opportunity to address the holding's effect on issues pending that remain relevant to this case.

006-009.) The extraterritoriality defenses raised by Defendants in this case—that the Statutes do not apply to policies "issued or delivered" outside of California—have also been raised and remain at issue in *Elmore*, a Central District case also pending before the Ninth Circuit. There, this District entered summary judgment in favor of defendants on the statutory notice claims, holding that "[e]ven if these [Statutes] did apply retroactively, Plaintiff's claims would nonetheless fail because his policy was 'issued and delivered' in Illinois." (*See* Dkt. No. 17-3 (Ex. O) at 0122-0123.) This appeal will be directly relevant to the case at hand.

In short, the legal landscape remains unsettled as to issues that impact this case and that are likely to be decided in the coming months; and continuing the stay is therefore warranted. While the Ninth Circuit is generally bound by the ruling of the California Supreme Court, the *McHugh* decision certainly did not address all legal issues raised concerning the Statutes and it remains to be seen to what extent the specific contours of the opinion will affect these federal proceedings that will further inform this case.

As this Court previously recognized in its order (Dkt. No. 32 at 1), there are three factors to weigh in making a decision to stay a case: (1) the hardship or inequity the non-moving party would experience if the stay was granted; (2) the hardship or inequity the moving party would experience if the stay was denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *E.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The circumstances of this case continue to meet all three factors; certain of Plaintiff's claims and Defendants' defenses to same will be informed by *McHugh*, once final, and the forthcoming decisions in *Bentley*, *Thomas* and *Clark* as well as *Elmore*. Plaintiff will not be prejudiced by a stay—this action is still in the earliest stages of litigation and the parties are close to receiving the clarity of law that necessary to interpret the potential retroactive application of the Statutes. This is merely a continuance of the

status quo and the current stay. Second, Defendants would be significantly prejudiced if the stay is not maintained; they would begin expending significant resources litigating and briefing defenses that the pending federal decisions may foreclose. In that vein, a stay pending the outcome of *Bentley*, *Thomas* and *Clark* will provide direct guidance as to how the Ninth Circuit will apply *McHugh* and the Statutes, indisputably simplifying the questions of law in this case.

For the foregoing reasons, the Court should maintain the stay until the Ninth Circuit issues decisions in, or otherwise resolves, *Bentley*, *Thomas* and *Clark*.

Respectfully submitted:

DATED: September 10, 2021         **NICHOLAS & TOMASEVIC, LLP**

By:   */s/ Alex Tomasevic*
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Email: craig@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Georg M. Capielo (SBN 245491)
Sarah Ball (SBN 292337)
Email: jackbwinters@earthlink.net
Email: gcapielo@einsurelaw.com
Email: sball@einsurelaw.com

Attorneys for Plaintiff

DATED: September 10, 2021         **DENTONS US LLP**

By:   */s/ Spencer D. Hamilton*
Spencer D. Hamilton (*pro hac vice*)
2000 McKinney Avenue #1900
Dallas, Texas 75201
Tel: (214) 259-0910
Email: spencer.hamilton@dentons.com

Attorneys for Defendants

**FILER'S ATTESTATION - Local Rule 5-4.3.4(a)(2)(i)**

I am the ECF user whose identification and password are being used to file this document. I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized this filing.

DATED: September 10, 2021                    **NICHOLAS & TOMASEVIC, LLP**

By:   */s/ Alex Tomasevic*
         Alex Tomasevic (SBN 245598)

Attorneys for Plaintiff