LAURA LEIGH GEIST (SBN 180826)
laura.geist@dentons.com
KELLY R. GRAF (SBN 301325)
kelly.graf@dentons.com
THOMAS R. WORGER (SBN 311312)
thomas.worger@dentons.com
DENTONS US LLP
1999 Harrison Street
Suite 1300
Oakland, CA 94612-4709
Telephone: 415 882 5000
Facsimile: 415 882 0300

Attorneys for Defendants METROPOLITAN
LIFE INSURANCE COMPANY and
MERCER HEALTH AND BENEFITS
ADMINISTRATION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIT LARONE, Individually, as Trustee of the Gary Lang Trust; and on Behalf of the Class,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC, a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | No. 2:21-cv-00995-AB-AGR<br><br>**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC'S RESPONSE IN OPPOSITION TO MOTION TO LIFT STAY**<br><br>Date: December 10, 2021<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7B<br><br>Judge: Hon. André Birotte Jr.<br>Magistrate: Hon. Alicia G. Rosenberg |

## I. INTRODUCTION

The Court should continue to stay this case because the very same considerations that led the Court to issue the stay in the first place are equally relevant today, given the pending Ninth Circuit appeals in *Clark* and *Elmore*.

To explain: Defendants Metropolitan Life Insurance Company and Mercer Health and Benefits Administration, LLC ("Defendants") brought their Motion to Dismiss Plaintiff's Amended Complaint on the grounds that:

(1) Plaintiff failed to state a claim because California Insurance Code sections 10113.71 and 10113.72 (the "Statutes") on their face only apply to policies ***issued or delivered in California*** and do not apply to the group policy at issue, principally because it indisputably was issued and delivered to policyholder Fleet National Bank, Trustee, in Rhode Island;

(2) Plaintiff failed to state a claim because the Statutes are not retroactive and do not apply to the policy at issue because it was issued before 2013; and

(3) In the alternative, the Court should stay the case pending the decisions in *McHugh, Thomas* and/or *Bentley,* which raised certain threshold issues regarding the Statutes.

The Court found good cause to issue the stay and denied the Motion to Dismiss without prejudice as moot.

Plaintiff now asks this Court to lift the stay because (1) *McHugh* purportedly "resolves one of the primary legal disputes at issue in this case – whether or not the statutes apply to Plaintiff and the putative classes' policies" (Motion[1] at 2); and (2) "The *Thomas* decision confirms that the failure to comply with the grace period and notice mandates of the statutes renders a termination of coverage by the insurer ineffective pursuant to *McHugh*" (Motion at 3). As an initial matter, neither of these propositions are true.

---

[1] Plaintiff's Memorandum of Points and Authorities in Support of Motion to Lift Stay (hereafter, "Motion").

1   CASE NO. 2:21-cv-00995
DEFENDANTS' OPPOSITION TO
MOTION TO LIFT STAY

In fact, the *McHugh* decision does not resolve whether the Statutes apply to the policy at issue in the case because *McHugh* did not address the fundamental questions here of whether the Statutes, which on their face apply only to policies issued or delivered in California, apply to group policies at all -- let alone to a group policy that, like here, was issued and delivered to a policyowner in a different state. Rather, as Defendants previously have noted in the parties' Joint Reports to the Court, there is a case before the Ninth Circuit that *will* directly address the threshold issue here, *Clark v. Transamerica Life Ins. Co.*, 20-16756. *Clark* had been administratively stayed pending *McHugh*, but was reopened on October 5, 2021 with briefing commencing in early January. In *Clark*, the Eastern District held that California Insurance Code Section 10113.71 did not apply at all to a group policy issued and delivered outside of California, and that Section 10113.72 makes clear that its provisions apply only to individual life insurance policies—not to group policies at all, and not to certificates like Plaintiff's here which merely evidences coverage under a group policy issued to a Rhode Island trust. *See id.* at *4.

An additional case, *Elmore v. Hartford Life & Accident Ins. Co.*, 20-55118 (administrative stay not yet lifted), is an appeal of another ruling by this District holding that the Statutes do not apply to any extraterritorial issued policy given their plain language. *See Elmore,* No. CV 18-08903, 2020 WL 1276106, at *3-4 (C.D. Cal. Jan. 6, 2020) (slip copy) ("[e]ven if these [Statutes] did apply retroactively, Plaintiff's claims would nonetheless fail because his policy was 'issued and delivered' in Illinois"). The Ninth Circuit also has yet to decide *Bentley*

*v. United of Omaha Life Ins. Co.*, 20-55466.[2] And as explained below, *Thomas* is a non-precedential opinion that does not come close to resolving any issue in this case.

If the Court elects to lift the stay, the Court will face the same threshold issues on Defendants' Motion to Dismiss that are currently before the Ninth Circuit. If the Ninth Circuit upholds the decisions in *Clark* and/or *Elmore*, that would dispose of this case as currently framed (or at minimum, eliminate the majority of issues raised, and most certainly the notion of a class.) Therefore, the same rationale this Court relied upon to issue the stay in the first place dictates in favor of continuing the stay. The Court specifically observed that appellate proceedings will clarify the law and narrow the issues, that Plaintiff will not suffer significant prejudice if a stay is entered, and that without a stay, significant hardship will be inflicted on Defendants. (Dkt. No. 32.) The Court further explained that any ruling would not be conclusive in light of the pending appeals, that the parties would expend significant resources litigating and briefing these issues, and that "judicial economy would not be served by this Court committing its scarce resources to resolving the legal questions in this case when precedential, case-narrowing decisions from an appellate court will resolve them in the near future." (*Id.*) All of these same factors remain in play and warrant keeping the stay in place.

At minimum given the District Court rulings in *Clark* and *Elmore,* the pending appeals, and the plain language of the Statutes, discovery in this case

---

[2] The Court's Stay Order asked the parties to provide joint status reports on the appellate proceedings in *McHugh*, *Bentley*, and *Thomas*. The Court specifically asked the parties, when one of those cases was resolved, to provide a joint report setting forth their respective positions as to that case's impact on this case and <u>whether the stay should be maintained or lifted</u>. (Dkt. No. 32.) The parties have done just that, keeping the Court apprised by way of four different joint status reports (*see* Dkt. Nos. 37, 38, 39, 40). In the reports that provided updates on the resolutions of *McHugh* (Dkt. No. 38) and *Thomas* (Dkt. No. 39), Plaintiff posited that the stay should be lifted, and Defendants argued that the stay should be maintained, pointing to the limitations of those rulings and the current pending matters, *Clark* and *Elmore*.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

should be stayed pending ruling on Defendants' anticipated renewed Motion to Dismiss, which had been denied without prejudice in light of the stay.

In short, core issues that impact this case have both been decided in favor of insurers and are teed up for resolution on appeal in the coming months. Continuing the stay is therefore warranted.

## II. ARGUMENT

### A. The *McHugh* and *Thomas* Rulings Do Not Provide Reason to Lift the Stay.

Contrary to Plaintiff's assertion (Motion at 2), *McHugh* does not resolve the legal dispute regarding whether California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes") apply to group policies indisputably issued and delivered outside of California or to certificates like Plaintiff's (and those of the putative class). In *McHugh*, the California Supreme Court focused on retroactive application of the Statutes—an issue on which, unlike here, the Statutes were silent—and held that the Statutes applied to individual life insurance policies issued or delivered in California that were in force as of the Statutes' January 1, 2013, effective date. *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 246 (2021). The *McHugh* analysis and decision focused only on whether the Statutes "apply to McHugh's policy and *similarly situated* ones." *Id.* at 235 (emphasis added).) Neither the group policy nor Plaintiff's certificate are situated similarly to the policies in *McHugh*. In any event, the decision does not disturb Defendants' central arguments that by their express language, the Statutes apply only to policies and policyholders (not certificates or certificate holders), and apply only to policies issued or delivered in California; and that Section 10113.72 applies only to individual life insurance policies, not group insurance or certificates.

Plaintiff likewise takes a drastically overexpansive view of *Thomas*. First,

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

the *Thomas* ruling is unpublished and not issued with precedential effect.[3]  Second, the *Thomas* decision does *not* "confirm[] that the failure to comply with the grace period and notice mandates of the Statutes renders a termination of coverage by the insurer ineffective" or that "conduct of a policy owner after the ineffective termination is irrelevant." (*Contra* Motion at 3.)  Instead, the ruling, in the context of a single plaintiff case on summary judgment, merely applied the Statutes to that plaintiff's individual policy for the purpose of her single breach-of-contract claim, affirming that the lower court was correct in finding the defendant had violated the Statutes where parties had specifically stipulated there was "no known evidence" regarding defendant's compliance with the Statutes.  *Thomas*, 2021 WL 4596286, at *1-2.  The situation here is entirely different—a non-California group insurance policy, pursuant to which a certificate was issued, in a context where Defendants' compliance with the Statutes is contested and Plaintiff still must establish the elements of her claims.

Plaintiff is correct that the *McHugh* and *Thomas* decisions provide guidance on the issue of retroactivity, an argument that Defendants raised in their initial motion to dismiss (and that, if decided in the insurers' favor would have been entirely dispositive).  But these decisions do not provide guidance regarding Defendants' arguments at the heart of their motion to dismiss and on which briefing primarily had been focused.  The stay should be maintained until the Ninth Circuit issues decisions that provide the necessary clarity originally sought by the stay in the first place.

**B.     The Court Should Maintain the Stay Until the Ninth Circuit**

---

[3] The Court in *Thomas* chose to forego oral argument and issued a short memorandum affirming the lower court's order denying defendant's motion for summary judgment.  It did so pursuant to Ninth Circuit Local Rule 36-3, making it non-publishable and meaning it does not serve as precedent. *See Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 ("This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3).

**Decides or Otherwise Resolve *Clark*, *Elmore* and *Bentley*.**

As Plaintiff recognizes, the Court premised the stay in part on the outcome of *Bentley*, which remains pending. A mediation conference was held in that case in the Ninth Circuit on November 8, 2021. (Motion at 1.)

The pending *Clark* case involves group policies like the policy at issue in this case and squarely raises the threshold issue of whether the Statutes even apply to group policies, particularly those issued and delivered outside of California given the limiting Statutory language stating otherwise. *See* 2020 WL 5110295, at *1. In *Clark*, the Eastern District issued an order dismissing with prejudice claims similar to the ones asserted in this case. *See id.* at *1-4. The *Clark* court held that California Insurance Code Section 10113.71 makes clear that its provisions apply only to policies issued or delivered in California, and that Section 10113.72 makes clear that its provisions apply only to individual life insurance policies—not group policies or certificates like Plaintiff's here. *Id.* at *4. Appeal was taken to the Ninth Circuit; while it had been administratively stayed, it was reopened on October 5, 2021. Pursuant to the Court's briefing schedule, appellant's opening brief is due January 10, 2022, the answering brief is due April 11, 2022, and any reply brief is due within 21 days of the answering brief.

In *Elmore*, this District entered summary judgment in favor of defendants on the statutory notice claims, and held that "[e]ven if these [Statutes] did apply retroactively, Plaintiff's claims would nonetheless fail because his policy was 'issued and delivered' in Illinois." 2020 WL 1276106, at *4. This District explained that "the notice provisions that Plaintiff claims Defendant violated apply only to policies 'issued and delivered' in California." *Id.* *Elmore* is currently on appeal to the Ninth Circuit as well, though remains on administrative stay.

The claims and defenses of the parties will be informed by *Clark*, and *Elmore*, as well as *Bentley*. Proceeding without the full, relevant picture from the Ninth Circuit runs counter to the original reasons this stay was implemented.

### C. This Case Continues to Meet the Factors Warranting a Stay.

As this Court previously recognized in its order (Dkt. No. 32 at 1), this case meets all necessary factors to maintain a stay: (1) the hardship or inequity the non-moving party would experience if the stay was granted; (2) the hardship or inequity the moving party would experience if the stay was denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *E.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff will not be prejudiced by a stay—this action is still in the earliest stages of litigation and the parties are close to receiving the clarity of law on extraterritorial application of the Statutes. Lifting the stay now would be premature—the parties and the Court have received only a portion of the clarity of law originally sought by the stay in the first place. (*See* Doc. 32 at 1-2.)

The risk of delay (*see* Motion at 3-4) is insufficient grounds to lift the stay, because that risk "results inherently from the issuance of [any] stay." *See Alter v. Walt Disney Co.*, 16-cv-6644, 2016 WL 9455627, at *2 (C.D. Cal. Oct. 31, 2016). The Plaintiff's purported "delay of monetary recovery should not serve as the foundation to deny a stay." *See Rivera v. UHS of Del., Inc.*, No. 15-cv-863, 2018 WL 6332278, at *4 (C.D. Cal. Jul. 13, 2018). Plaintiff's vague reference to injunctive relief is likewise misplaced. First, Plaintiff is not entitled to injunctive relief, as her late husband's insurance is no longer in force—it lapsed and his death claim was denied. She cannot represent a class on that claim. Second, this remains a case for <u>money</u> damages, as Plaintiff notes, her grievance is that she and her children "have been without the benefit of the life insurance proceeds . . . for two and a half years." (Motion at 1; *see also id.* at 4 (alleging that "class members have been denied their life insurance benefits").) The alleged irreparable harm simply is not present. Third, Plaintiff cannot point to prejudice arising from delay of

injunctive relief when Defendants merely request to continue the status quo and the current stay. And fourth, courts, like this one, regularly enter stays even when plaintiffs seek injunctive relief. *E.g.*, *Goro v. Flower Foods, Inc.*, No. 17-cv-2580, 2020 WL 804841, at *2 (S.D. Cal. Feb. 18, 2020).

Plaintiff is also incorrect to assert that stays involving "remedial" claims result in an unacceptable risk of harm. (*Contra* Motion at 5.) In the case cited by Plaintiff, the parties were involved in ongoing arbitration, and the Ninth Circuit cautioned that a stay must be premised on its "diligen[t] and efficien[t]" proceeding. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Despite involving a "remedial" statute, the court in *Leyva* also found "[i]t would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process.." *Id*. The court in Plaintiff's other case, *Jones*, found the opposite and denied a stay precisely because the basis for defendant's stay would have only affected one of the causes of action and "discovery between the two claims likely overlaps and even may be identical." *Jones v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02390-LHK, 2013 WL 4511648, at *3 (N.D. Cal. Aug. 22, 2013).

That this is a proposed class action does not change the analysis. (*Contra* Motion at 6). This Court has not certified a class, or determined Plaintiff will adequately represent the class. Plaintiff's reliance on *Lathrop* and implication that the stay would lead evidence to dissipate (Motion at 6) is baseless. This is a breach-of-contract case arising from written insurance contracts—the relevant evidence will not be affected by maintaining the stay.

On the other hand, Defendants would be significantly prejudiced if the stay is not maintained; they would begin expending significant resources litigating and briefing defenses that the pending decisions may foreclose, in a context where each

District Court to consider the threshold issues referenced above has decided in insurer's favor. (*See* Doc. 32 at 1-2.) Plaintiff's Motion conspicuously fails to address or even mention Defendants' harm if the stay is lifted. (*See* Motion (only *Landis* factor discussed is alleged damage to Plaintiff and putative class).) Defendants note that if the Court lifted the stay on the case, it should permit the parties to supplement (or re-brief) Defendants' pending Motion to Dismiss, and stay discovery while the motion is pending.

Finally, the impact on the orderly course of justice in terms of simplifying issues, proof and questions of law continues to weigh in favor of a stay. The same rationale the Court undertook and relied on in implementing the stay remains applicable: "any ruling by this Court would not be conclusive in light of the pending appeals, so the parties would likely need to wait for those appeals to conclude to determine their next litigation steps." (Doc. 32 at 2.) A continued stay will enable that guidance—indisputably simplifying the questions of law in this case.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion and maintain the stay.

Dated: November 19, 2021

Respectfully submitted,

DENTONS US LLP

By: ___/s/ Laura Geist_____
　　　Laura Leigh Geist

Attorneys for Defendants
METROPOLITAN LIFE INSURANCE COMPANY and MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC