UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIT LARONE, Individually, as Trustee of the Gary Lang Trust; and on Behalf of the Class,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC, a Delaware Corporation; and DOES 1 through 10, Inclusive,<br>　　　　　　　　　　Defendants. | Case No. 2:21-cv-00995-AB (AGRX)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** |

Before the Court is Plaintiff Ronit Larone's Motion for Leave to Amend the First Amended Complaint. ("Motion," Dkt. 70.) Defendants Metropolitan Life Insurance Company ("MLIC") and Mercer Health and Benefits Administration, LLC's ("Mercer") (collectively, "Defendants") filed an opposition. ("Opp'n," Dkt. 73.) Plaintiff filed a reply. ("Reply," Dkt. 75.) After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

///

1.

## I. BACKGROUND

On March 31, 2021, Plaintiff filed the First Amended Complaint ("FAC"), the operative complaint. (*See* "FAC," Dkt. 15.) Plaintiff alleges the following causes of action on an individual basis: (1) declaratory judgment or relief pursuant to Cal. Civ. Code § 1060, *et seq.*; (2) breach of contract; and (3) bad faith violation of implied covenant of good faith and fair dealing. (*Id.*) Plaintiff further alleges a fourth, fifth, and sixth cause of action on behalf of a purported class: (4) declaratory judgment or relief pursuant to Cal. Civ. Code § 1060, *et seq.*; (5) breach of contract; and (6) unfair competition pursuant to California Business & Professions Code §§ 17200, *et seq.* (*Id.*) The second and fifth causes of action are asserted against MLIC only. (*Id.*)

Relevant here, the fourth, fifth, and sixth causes of action are asserted on behalf of the following proposed class:

> "All past, present, and future owners or beneficiaries of Defendants' life insurance policies offered to current and former employees of Fox Entertainment Group, Inc. or other Group Policy insureds in force on or about January 1, 2013 and governed by Sections 10113.71 and/or 10113.72, where the policies underwent or will undergo lapse, termination, and/or reinstatement without Defendants first providing written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium." (*Id.* at ¶ 105.)

On June 1, 2021, Defendants filed a Motion to Dismiss the FAC. (*See* Dkt. 46.) On February 9, 2022, the Court granted in part and denied in part Defendants' Motion to Dismiss the FAC. ("February 9, 2022 Order," Dkt. 62.) Specifically, the Court held that Section 10113.72 was inapplicable to the group life insurance at issue, but that Section 10113.71 applies to the Certificate of Insurance issued and delivered in California. (*Id.* at 10:18-21.) As such, the Court granted Defendants' Motion to Dismiss the third cause of action for breach of the implied covenant of good faith and fair dealing against Defendant Mercer, with leave to amend, and denied the Motion as to the remaining causes of action. (*Id.* at 17:18-23.)

2.

On March 25, 2022, Plaintiff filed the instant Motion for Leave to Amend the First Amended Complaint. (Dkt. 70.) Plaintiff seeks to amend the putative class definition to clarify that individual life insurance policies are also at issue in this case. Plaintiff's proposed amended class definition is:

> "All past, present, and future owners or beneficiaries of Defendants' life insurance policies offered to current and former employees of Fox Entertainment Group, Inc. **or other Group Policy insureds, and/or individual policies** in force on or about January 1, 2013 and governed by Sections 10113.71 and/or 10113.72, where the policies underwent or will undergo lapse, termination, and/or reinstatement without Defendants first providing written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium." (Dkt. 70-3, at ¶ 105) (amendments in bold.)

## II. LEGAL STANDARD

Under Federal Rules of Civil Procedure ("Rule") 15(a), leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Courts should apply Rule 15(a) with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *Leighton*, 833 F.2d at 186; *see also McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982).

However, a motion for leave to amend may be denied if it: (1) is futile; (2) causes prejudice to the opposing party; (3) is sought in bad faith; (4) causes undue delay; or (5) if the complaint was previously amended. *See Leighton*, 833 F.2d at 186, fn. 3; *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). These factors are not weighed equally. For example, futility by itself is sufficient

3.

grounds to deny leave. *See e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996). A court is also justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). Indeed, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quotation marks omitted).

The party opposing leave bears the burden of proof. *See Leighton*, 833 F.2d at 183, 187 (9th Cir. 1987).

### III. DISCUSSION

The parties dispute two of the five factors with consideration to amending the complaint: 1) whether amendment would be futile and 2) whether amendment would prejudice Defendants. The Court addresses each of these points in turn.

#### A. Futility

Defendants oppose granting Plaintiff leave to amend on the grounds that such amendment would be futile. Specifically, Defendants assert that Plaintiff does not have standing to bring claims on behalf of individual life insurance policyholders and beneficiaries because neither Plaintiff nor her late ex-husband owned individual life insurance from MLIC. Defendants aver that Plaintiff only has standing to bring claims regarding group life insurance policies, which they allege are "materially different products" governed by different statutory regulations. (Opp'n, at 8.)

Plaintiff responds that Defendants are conflating standing issues with class certification requirements. Plaintiff argues that any question about whether she can represent a class that includes individual life insurance policyholders should be addressed at the class certification stage as part of the Rule 23(a) analysis into typicality and adequacy of representation, rather than as a preliminary issue of

standing.

To satisfy Article III's standing requirements, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). Standing is also "claim- and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1064–65 (N.D. Cal. 2015) (citations omitted). In the context of a class action lawsuit, "standing is satisfied if at least one named plaintiff meets the requirements," but once a class is certified, "standing may also be established by members of the class." *Id.* at 1065 (citing *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014)).

The Ninth Circuit has previously considered whether dissimilarities between the claims of members in a class affect the "standing" of the named plaintiff to represent the class. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015). Recognizing the doctrinal tension between standing and class certification analyses, the Ninth Circuit adopted the so-called "class certification approach," which holds that "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." (*Id.* at 1262.) The court's first inquiry when a standing issue arises prior to class certification is determining whether the named plaintiff has standing to bring a claim. "[O]nce the named plaintiff demonstrates her individual standing . . . , the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." (*Id.*) "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on

5.

an assessment of typicality and adequacy of representation." (*Id.*)(citing 7AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1785.1 (3d ed.)).

Applying *Melendres* to the instant case, it is clear that Plaintiff has standing to amend her proposed class to include individual life insurance policyholders. Plaintiff's standing will not be affected by expanding the proposed class because group policyholders like herself are still a part of the class. Defendants argue that Plaintiff cannot adequately "represent" individual policyholders because the two kinds of policies are materially different, and "the factual and legal analysis relevant to Plaintiff's claims does nothing to establish the claims of an individual life policyholder." (Opp'n, at 9.) These arguments go towards the typicality and adequacy factors of class certification. Defendants are, in fact, raising the essential "question of class certification—i.e., whether the named plaintiffs are adequate representatives of the claims of the unnamed plaintiffs . . . ." *Melendres*, 784 at 1262. Defendants' concerns about the amended class should be addressed at the class certification stage, rather than as an issue of standing.

Notably, two of the authorities Defendants rely on predate *Melendres*. See Opp'n at 7 (citing *In re Countrywide Fin. Corp. Mortgage-Backed Secs. Litig.*, 934 F. Supp. 2d 1219, 1229-30 (C.D. Cal. 2013); (*Allen v. Hylands, Inc.*, No. 12-CV-01150, 2012 WL 1656750, at *5 (C.D. Cal. May 2, 2012). The only post-*Melendres* authority cited by Defendants is *Grivas v. Metagencis Inc.*, No. 15-CV-01838, 2018 WL 6185977, at *6 (C.D. Cal. Jan. 4, 2018), in which a court determined that a plaintiff did not have standing to sue over products that were not "substantially similar" to the products plaintiff purchased. *Grivas*, however, failed to acknowledge *Melendres* in its holding and is factually dissimilar from the present case. The Court declines to follow that non-binding authority.

Defendants also argue that Plaintiff is precluded from bringing claims related to

6.

individual life insurance policies because the Court previously held that section 10013.72 of the California Insurance Code, which governs individual life insurance policies, does not apply to this case. *See* Dkt. 62. Section 10113.72 specifies that "an individual life insurance policy" shall not be issued or delivered in California until the applicant has been given the opportunity to designate at least one other person to receive notice of lapse or termination of a policy." *See* Cal. Ins. Code § 10113.72(a). In its February 9, 2022 Order, the Court explained that section 10013.72 was inapplicable because it "expressly applies to individual life insurance policies and does not apply here where a group life insurance policy is at issue." (Dkt. 62, at 10.)

However, Plaintiff has also brought claims under section 10113.71 of the California Insurance Code, which applies to both individual *and* group life insurance policies. *See* Cal. Ins. Code § 10113.71(c). Section 10113.71 of the California Insurance Code provides that any life insurance policy "issued or delivered in [California]" must contain a provision for at least a sixty-day grace period and notice of pending lapse and termination at least thirty days prior. Cal. Ins. Code § 10113.71(a)–(b). Even if section 10113.72 would not be applicable to the proposed amended class because it concerns only group policies, Plaintiff still maintains a claim that Defendants violated section 10113.71.

The Court concludes that granting Plaintiff leave to amend the FAC would not be futile.

### B. **Prejudice**

The parties next dispute whether amendment would prejudice Defendants. Defendants claim that granting Plaintiff leave to amend would "drastically alter[] the parties' litigating positions, the relevant legal and factual issues, and the defenses Defendants might assert." (Opp'n, at 9.) Plaintiff emphasizes that this case is still in an early stage, and amendment would not change the fundamental legal issues at play.

Prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence Cap.,*

7.

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)). "To overcome Rule 15(a)'s liberal policy favoring leave, the prejudice to the opposing party must be 'substantial.'" *Robertson v. Bruckert*, No. 19-CV-01918-SI, 2021 WL 4990236, at *2 (N.D. Cal. Oct. 27, 2021) (citation omitted). Prejudice may be found, for example, where there is a "a need to 'reopen discovery and therefore delay the proceeding,'" or the "addition of an 'independent claim' that catches the opposing party off guard atter dispositive motions have been filed." *Id.* (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Del Valle v. County of Sonoma*, No. 17-cv-03611, 2019 WL 10733250 at *6 (N.D. Cal. Feb. 20, 2019), rev'd on other grounds, 790 Fed. Appx. 868 (9th Cir. 2020)). "But when discovery is ongoing and there is no unfair surprise . . . 'neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.'" *Id.* (citing *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-3359, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009)).

      Defendants' arguments do not meet the standard for substantial prejudice. The Court finds it particularly compelling that this case is in a relatively early stage of proceedings; indeed, Defendants have not yet answered the FAC and the parties have just begun discovery. There will also not be any delays to the proceedings if amendment is allowed. Although Defendants argue that amending the FAC will cause an "impact to discovery," the prospect of additional discovery alone does not substantiate a showing of prejudice. (Opp'n, at 10; *see Dong Ah Tire*, 2009 WL 667171 at *2). In sum, there are no circumstances present here that would unduly prejudice Defendants. This case stands in stark contrast to those where courts have found that a party would be prejudiced if leave to amend were granted. For example, in *Jackson v. Bank of Hawaii*, the Ninth Circuit found that permitting appellants to file

8.

an amended complaint would unduly prejudice appellees because it would "require appellees to relitigate a portion of their state court action with their insurer." 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the party made the motion on the eve of the discovery deadline); *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir. 1991) (affirming denial where the party waited until discovery was over, just four and a half months before trial, to move to amend its complaint). The facts in the present case fall far short of establishing such prejudice to Defendants.

The Court concludes that Plaintiff should be granted leave to amend the FAC. Amendment is not futile and would not prejudice Defendants.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Leave to Amend the First Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 21, 2022

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

9.