SANDRA D. HAUSER (admitted *pro hac vice*)
sandra.hauser@dentons.com
JEFFREY A. ZACHMAN (admitted *pro hac vice*)
jeffrey.zachman@dentons.com
SPENCER D. HAMILTON (admitted *pro hac vice*)
spencer.hamilton@dentons.com
MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
DENTONS US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
Telephone:  213 623 9300
Facsimile:   213 623 9924
Attorneys for Defendants METROPOLITAN LIFE
INSURANCE COMPANY and MERCER HEALTH AND
BENEFITS ADMINISTRATION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIT LARONE, Individually, as Trustee of the Gary Lang Trust; and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC, a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | No. 2:21-cv-00995-AB-AGR<br><br>**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND MERCER HEALTH AND BENEFITS ADMINISTRATION LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. André Birotte Jr.<br>Magistrate: Hon. Alicia G. Rosenberg<br><br>Removed: February 4, 2021<br>SAC Filed: July 1, 2022 |

Defendants Metropolitan Life Insurance Company ("MLIC") and Mercer Health and Benefits Administration, LLC ("Mercer") (together, "Defendants") hereby submit this joint Answer to Plaintiff Ronit Larone's ("Plaintiff") Second Amended Complaint (Doc. 88).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## <u>ANSWER</u>

Defendants respond to the allegations in each individually numbered paragraph of Plaintiff's Second Amended Complaint ("SAC") as follows.  The headings are repeated from Plaintiff's SAC and are not treated as factual allegations.

## I.  NATURE OF THE CASE

1.  Defendants admit that the face value of Mr. Lang's coverage under the Group Policy was $1.4 million.  Defendants state that the remaining allegations in paragraph 1 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 1.

2.  Defendants acknowledge that Plaintiff asserts several individual causes of action and purports to represent a putative class as defined in the SAC. Defendants deny that Plaintiff is entitled to any of the relief sought.  Defendants deny the remaining allegations in this paragraph, including any implication that Plaintiff's claims have merit or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

3.  Defendants acknowledge that Plaintiff seeks individual relief, but deny that Plaintiff is entitled to any of the relief sought.  Defendants state that the remaining allegations in paragraph 3 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 3.

4.  Defendants acknowledge that Plaintiff purports to represent a putative class and seeks relief on behalf of said putative class, but deny that class treatment is appropriate under Federal Rule of Civil Procedure 23 and further deny that the putative class is entitled to any of the relief sought.  Defendants specifically deny Plaintiff's characterization of the Statutes and their scope, and states, for example, that they do not contain the word "renewed" or any variation thereof.  Defendants state that the remaining allegations in paragraph 4 constitute legal conclusions to

which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 4.

5.      Defendants acknowledge that Plaintiff seeks relief individually and on behalf of a putative class, but deny that Plaintiff and/or the putative class are entitled to any of the relief sought.  Defendants state that the remaining allegations in paragraph 5 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 5.

## II.  PARTIES

6.      Defendants state that Gary E. Lang was issued a certificate reflecting life insurance coverage under Group No. 98039 and Group Policy No. 34275-G (the "Group Policy").  Defendants admit after his employment with Fox Entertainment terminated, Mr. Lang was the individual responsible for paying the premiums to keep his coverage in force.  Defendants acknowledge that Plaintiff is attempting to pursue claims on behalf of a putative class as defined in the SAC, but deny that Plaintiff is entitled to any of the relief sought and deny any implication that Plaintiff's claims have merit, that Plaintiff has standing to represent the putative class, or that class treatment is appropriate under Federal Rule of Civil Procedure 23.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 6.

7.      MLIC states that it is an insurance company incorporated in New York and its principal place of business is in New York.  MLIC admits that it does business in California and is authorized to do so by the California Department of Insurance.  MLIC states that the remaining allegations in paragraph 7 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 7.  The allegations in this paragraph do not apply to Mercer.  Mercer states that it understands MLIC to be an insurance company incorporated in New York with its principal place of business in New York, and understands MLIC to be authorized to conduct life insurance

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

business in California.  Mercer states that the remaining allegations in paragraph 7 constitute legal conclusions to which no response is required.  To the extent any response is required, Mercer denies the allegations in paragraph 7.

8.      Mercer states that it is incorporated in Delaware and its principal place of business is in Iowa.  Mercer admits that it is the third-party administrator of the Group Policy, pursuant to a contractual relationship with MLIC.  Mercer states that it does not administer any individual life insurance for MLIC.  Mercer admits that it does business in California and is authorized to do so by the California Department of Insurance.  Mercer states that the remaining allegations in paragraph 8 constitute legal conclusions to which no response is required.  To the extent any response is required, Mercer denies the allegations in paragraph 8.  The allegations in this paragraph do not apply to MLIC.  MLIC admits that Mercer is the third-party administrator of the Group Policy, pursuant to a contractual relationship with MLIC.  MLIC states that it understands Mercer to be incorporated in Delaware with its principal place of business in Iowa, and understands Mercer to be authorized to conduct business in California.  MLIC states that the remaining allegations in paragraph 8 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 8.

## 2013 STATUTORY CHANGES MADE TO TERMINATION PROCEDURES BECAME EFFECTIVE IN JANUARY OF 2013

9.      Defendants state that the California Legislature enacted Insurance Code Sections 10113.71 and 10113.72, which took effect on January 1, 2013. Defendants state that the allegations in paragraph 9 relating to California legislative history constitute legal conclusions as to which no response is required, and further state that the legislative record is comprised of publicly available documents, the full terms of which speak for themselves.  Defendants otherwise deny the allegations in paragraph 9.

10.      Defendants state that the allegations in paragraph 10 refer to Insurance

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves, as does their legislative history.  Defendants state that the allegations in paragraph 10 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 10.

11.     Defendants state that it is unclear what Plaintiff means by her statement regarding Insurance Code Sections 10113.71 and 10113.72 and how they "originally read."  Defendants state that the allegations in paragraph 11 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.

12.     Defendants state that the allegations in paragraph 12 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 12.

### III.  FACTS COMMON TO ALL ALLEGATIONS

13.     Defendants are without sufficient information to admit or deny the allegations in paragraph 13 that "Plaintiff was not generally privy to Mr. Lang's business affairs prior to his death" and that "[s]ubsequent to Mr. Lang's death Plaintiff has made diligent examinations and investigation concerning the subject of this suit."  Defendants state that they have records relevant to the subject matter of this lawsuit.  Defendants deny all remaining allegations in paragraph 13.

14.     Defendants admit that Plaintiff requested copies of the life insurance agreements at issue.  Defendants deny all remaining allegations in paragraph 14.

15.     Defendants admit that prior to initiation of this lawsuit, Plaintiff requested certain documentation from Defendants concerning Mr. Lang.  Defendants state that they produced documentation to Plaintiff prior to this lawsuit and have produced said documents since the initiation of this lawsuit.  Defendants deny all remaining allegations in paragraph 15.

16.     Defendants state that the allegations in paragraph 16 preview Plaintiff's allegations about the insurance agreements at issue, the full terms of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1   which speak for themselves.

2                          **THE POLICY**

3        17.      Defendants admit that effective January 1, 2002, Mr. Lang obtained

4   life insurance coverage through his relationship with Fox Entertainment Group, Inc.

5   Defendants admit that Mr. Lang's certificate number was 3652963 and that the

6   Group Policy number was 98039.  Defendants admit that Mr. Lang was residing in

7   California when he received his certificate.  Defendants state that Mr. Lang did not

8   designate The Gary Lang Trust as primary beneficiary until 2014.  Defendants

9   further state that the Group Policy and certificate documents speak for themselves.

10  Defendants deny the remaining allegations in paragraph 17.

11       18.      Defendants admit that Mr. Lang's certificate refers to the Group

12  Policy.  Defendants specifically deny that the certificate is the actual insurance

13  policy.  Defendants state that the Group Policy and certificate documents speak for

14  themselves.  Defendants admit that prior to his death, Mr. Lang was responsible for

15  payment of premium to keep his coverage in force.  Defendants state that the

16  remaining allegations in paragraph 18 constitute legal conclusions to which no

17  response is required.  To the extent any response is required, Defendants deny the

18  allegations in paragraph 18.

19  **ISSUANCE OF AND DELIVERY OF THE POLICY IN CALIFORNIA**

20       19.      Defendants specifically deny that the Group Policy was delivered in

21  California by virtue of a certificate being provided to Mr. Lang.  Defendants state

22  that the Group Policy was issued and delivered in Rhode Island.  Defendants admit

23  that Mr. Lang's certificate refers to the Group Policy.  Defendants state that the

24  remaining allegations in paragraph 19 embody legal conclusions to which no

25  response is required.  Defendants deny the remaining allegations in paragraph 19.

26       20.      Defendants specifically deny that any mailing of a certificate to

27  Mr. Lang constituted an "issuance" or "delivery" of the Group Policy, including for

28  any purposes of the Statutes.  Defendants state that the Group Policy and certificate

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

documents speak for themselves.  Defendants state that the remaining allegations in paragraph 20 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 20.

## RENEWAL AND CONTINUATION OF COVERAGE

21.    Defendants specifically deny that Mr. Lang's coverage renewed periodically.  Defendants state that the name of the policyholder, the Trustee for Multiple Employer Trust No. 5, changed at various points while Mr. Lang was insured.  Defendants deny the remaining allegations in paragraph 21.

## ADMINISTRATION AND RESPONSIBILITY FOR THE POLICY

22.    Defendants state that that the allegations in paragraph 22 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 22.

## GOVERNING LAW

23.    Defendants deny the allegations in paragraph 23.

## BASIC TERMS OF COVERAGE

24.    Defendants are without information sufficient to admit or deny the "purpose" of Mr. Lang's payment of premiums or "purpose of these benefits." Defendants admit that the general purpose of life insurance is to insure the life of the named insured.  Defendants deny the remaining allegations in paragraph 24.

25.    Defendants admit that Mr. Lang's certificate of insurance provides a grace period of 60 days, and that it provides that a notice of the grace period will be sent if the insured is not on payroll deduction and there are insufficient amounts in the account value to cover the monthly deduction.  Defendants state that the certificate is not the life insurance policy, and that the full terms of the certificate speak for themselves.

26.    Defendants admit that the face amount of Mr. Lang's coverage was $1,400,000 and that The Gary Lang Trust was the listed beneficiary at the time Mr. Lang's coverage was terminated.  Defendants state that the certificate is not the life

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1   insurance policy, and that the full terms of the certificate speak for themselves.

2   27.   Defendants admit that Mr. Lang continued his coverage after he

3   stopped working for Fox Entertainment Group, Inc.  Defendants admit that Mr.

4   Lang fully paid his premiums from 2013 to 2017.  Defendants specifically deny that

5   Mr. Lang fully paid his premiums in 2018 and for some period in 2019.

6   Defendants state Mr. Lang failed to make the quarterly premium payment of

7   $2,265.60 due for the coverage period of October 1, 2018 to January 1, 2019.

8   Defendants deny the remaining allegations in paragraph 27.

9   28.   Defendants state that "FLEET NATIONAL BANK TRUSTEE -

10  MARSH USA INC - MULTIPLE EMPLOYER TRUST NO. 5" is listed as the

11  Group Policyholder on the certificate Plaintiff attached to the SAC.  Defendants

12  specifically deny that Mr. Lang was ever a "policy owner."  Defendants further

13  state that the full terms of the Group Policy and certificate documents speak for

14  themselves.

## CUSTOM AND PRACTICES OF THE PARTIES
## IN PAYMENT OF PREMIUMS

17  29.   Defendants are without sufficient information to admit or deny the

18  allegation that "since 2002 until his death, Mr. Lang was always financially capable

19  of maintaining his coverage and always intended to keep the coverage in effect."

20  Defendants state that until 2008, premium payments were made by payroll

21  deduction.  Defendants state that after Mr. Lang failed to make his quarterly

22  premium payment for the coverage period of July 1, 2018 to October 1, 2018,

23  MLIC extended Mr. Lang's grace period due to the California wildfires and did not

24  lapse Mr. Lang's coverage for that period when Mr. Lang's payment was not

25  received by October 1, 2018.  Defendants deny the remaining allegations in

26  paragraph 29.

27  30.   Defendants state that after Mr. Lang failed to make his quarterly

28  premium payment for the coverage period of July 1, 2018 to October 1, 2018,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

MLIC extended Mr. Lang's grace period due to the California wildfires and did not lapse Mr. Lang's coverage for that period when Mr. Lang's payment was not received by October 1, 2018. Defendants deny the remaining allegations in paragraph 30.

## CONCEALMENT OF STATUTORILY-REQUIRED TERMS

31.    Defendants deny the allegations in paragraph 31. Defendants further state that some of the allegations in paragraph 31 constitute legal conclusions to which no response is required, but to the extent any response is required to those allegations, Defendants deny them.

## FACTS CONCERNING THE PURPORTED TERMINATION

32.    Defendants state that the allegations in paragraph 32 preview Plaintiff's allegations about Mr. Lang's payment history and notices concerning same, the contents of which speak for themselves.

33.    Defendants admit that in response to a September 5, 2018 notice, Mr. Lang made payment by check dated on or about October 25, 2018. However, Defendants state that check was payment for the coverage period of July 1, 2018 to October 1, 2018. Although payment for that coverage period was overdue and Defendants had provided him an October 1, 2018 lapse date, MLIC extended the grace period due to the California wildfires and did not lapse Mr. Lang's coverage when payment was not received by that date. Mr. Lang's coverage was not terminated until he failed to make payment for the subsequent coverage period, spanning from October 1, 2018 to January 1, 2019. Defendants deny the remaining allegations in paragraph 33. Defendants further state that that some of the allegations in paragraph 33 constitute legal conclusions to which no response is required, but to the extent any response is required to those allegations, Defendants deny them.

34.    Defendants admit that Mr. Lang sent a check on or about February 25, 2019—after Mr. Lang's coverage had terminated—and that Mercer returned the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

check.  Defendants admit that various notices of premium due were sent to Mr. Lang in 2018 and 2019, and refers to those records which speak for themselves. Defendants deny the remaining allegations in paragraph 34.

35.    Defendants state that the allegations in paragraph 35 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 35.

36.    Defendants state that on and before April 21, 2019, Mr. Lang had been repeatedly advised that his coverage had terminated.  Defendants are without sufficient information to admit or deny the allegation that "at all times, Mr. Lang desired and intended his coverage to be in force, but did not have the capacity to replace or reinstate the coverage with replacement coverage with another insurer due to his deteriorating health."  Defendants deny the allegations in paragraph 36.

## MR. LANG DIES WHILE THE POLICY WAS LEGALLY IN FULL FORCE AND EFFECT

37.    Defendants admit that Mr. Lang passed away on April 21, 2019. Defendants deny the remaining allegations in paragraph 37.

## PLAINTIFF'S INITIAL CLAIM AND DEFENDANTS' REFUSAL TO PROVIDE ACCURATE AND FULL INFORMATION

38.    Defendants admit that Plaintiff inquired into the status of Mr. Lang's coverage after his death.  Defendants are without information sufficient to admit or deny whether that inquiry occurred prior to Plaintiff's retention of counsel. Defendants state that the contents of any correspondence between Plaintiff and Defendants speak for themselves.  Defendants deny the remaining allegations in paragraph 38.

39.    Defendants admit that Plaintiff at some point sought and retained legal counsel.  Defendants deny the remaining allegations in paragraph 39.

## PLAINTIFF REASSERTS HER CLAIM THROUGH COUNSEL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

40.     Defendants admit that on or about May 29, 2020, Plaintiff's counsel sent correspondence to Mercer.  The contents of the correspondence speak for themselves.  Defendants deny all remaining allegations in paragraph 40, including denying the allegation that "[b]y law, Defendants were at all times required to maintain such information and have such information readily available to state regulatory authorities," which constitutes a legal conclusion to which no response is required.

41.     Defendants admit that the dates of the communications between Plaintiffs and Defendants are accurate.  Defendants state that the contents of the communications speak for themselves.  Defendants deny the remaining allegations in paragraph 41.

## DEFENDANTS' SECOND DENIAL OF THE CLAIM

42.     Defendants admit that MLIC sent correspondence to Plaintiff's counsel on September 2, 2020.  The contents of that correspondence speak for themselves.  Defendants deny the remaining allegations in paragraph 42.

43.     Defendants admit that MLIC sent correspondence to Plaintiff's counsel on September 2, 2020.  The contents of that correspondence speak for themselves.  Defendants deny the remaining allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants admit that on September 29, 2020, Plaintiff's counsel sent correspondence to Defendants.  The contents of that correspondence speak for themselves.  Defendants deny the remaining allegations in paragraph 45.

46.     Defendants admit that on October 13, 2020, MLIC sent correspondence to Plaintiff's counsel.  The contents of that correspondence speak for themselves.  Defendants deny the remaining allegations in paragraph 46.

47.     Defendants admit that on October 23, 2020, Plaintiff's counsel sent correspondence to Defendants.  Defendants admit that on October 30, 2020, MLIC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1  sent correspondence to Plaintiff's counsel.  The contents of these communications

2  speak for themselves.  Defendants deny the remaining allegations in paragraph 47.

3       48.    Defendants admit that they denied Plaintiff's request for payment of

4  the death benefit because Mr. Lang's coverage had terminated for failure to pay

5  premiums.  Defendants admit that they did not reverse or withdraw their continuing

6  assertion that Mr. Lang's coverage was terminated and that the claim would not be

7  paid.  Defendants admit that Plaintiff filed suit in California Superior Court on

8  November 23, 2020.  Defendants deny the remaining allegations in paragraph 48.

9       49.    Defendants admit that on November 25, 2020, MLIC sent

10  correspondence to Plaintiff's counsel.  The contents of that correspondence speak

11  for themselves.  Defendants deny the remaining allegations in paragraph 49.

12       50.    Defendants admit that they did not send communications to Plaintiff

13  between November 25, 2020 and January 5, 2021.  Defendants admit that

14  Plaintiff's original complaint was served on or about January 6, 2021.  Defendants

15  deny the remaining allegations in paragraph 50.

16       51.    Defendants admit that MLIC sent correspondence to Plaintiff's

17  counsel dated February 1, 2021.  The contents of that correspondence speak for

18  themselves.  Defendants admit that Plaintiff had no further communications with

19  Defendants.  Defendants deny the remaining allegations in paragraph 51.

20       52.    Defendants admit that they removed the state court action to federal

21  court on February 4, 2021, and filed a motion to dismiss on March 10, 2021 with

22  exhibits.  Defendants deny the remaining allegations in paragraph 52.

23       53.    Defendants state that they attached as Exhibit A to their original

24  motion to dismiss (Doc. 13-4) a true and correct copy of the form certificate and

25  accompanying group policy terms for the Group Policy.  Defendants deny the

26  remaining allegations in paragraph 53.

27       54.    Defendants state that they attached to their original motion to dismiss

28  (Doc. 13-4) notices sent on or about June 8, 2018, August 4, 2018, September 5,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

2018, October 30, 2018, December 5, 2018, January 4, 2019, and February 5, 2019. Defendants are without information sufficient to admit or deny what documents were or were not "located in the records of Mr. Lang." Defendants deny the remaining allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants admit that Plaintiff's claim was denied. Defendants deny all remaining allegations in paragraph 58.

59.     Defendants state that the denial of Plaintiff's claim is "limited to the sole assertion" that Mr. Lang's coverage was not in force on the day of his death. Defendants deny the remaining allegations in paragraph 59.

60.     Defendants state that the allegations in paragraph 60 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 60.

## IV.  FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT OR RELIEF
### (Cal. Civ. Code § 1060, et seq.)

**(By Plaintiff, individually, as Trustee of the Gary Lang Trust)**

61.     Defendants hereby incorporate paragraphs 1-60 of their Answer, and by reference incorporate each and every denial of any allegations therein as if set forth herein.

62.     Defendants state that the allegations in paragraph 62 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegation in paragraph 62.

63.     Defendants state that the allegations in paragraph 63 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegation in paragraph 63.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

64.     Defendants state that the allegations in paragraph 64 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants deny Plaintiff's characterization of the Statutes in paragraph 64 and state that they do not contain the words "renewed," "reinstated," or "converted," or any variation thereof.  Defendants state that the remaining allegations in paragraph 64 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 64.

65.     Defendants state that the allegations in paragraph 65 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants specifically deny that Section 10113.72 applies to group policies.  Defendants state that the remaining allegations in paragraph 65 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 65.

66.     Defendants state that the allegations in paragraph 66 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants state that the remaining allegations in paragraph 66 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 66.

67.     Defendants admit that they disagree with Plaintiff's assertions regarding Section 10113.71 as it pertains to the Group Policy.  Defendants state that the allegations in paragraph 67 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants specifically deny that Section 10113.72 applies to group policies.  Defendants state that the remaining allegations in paragraph 67 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 67.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

68.     Defendants admit that they deny that the Statutes impose obligations as construed by Plaintiff.  Defendants state that the allegations in paragraph 68 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants specifically deny the Statutes require "strict compliance."  Defendants state that the remaining allegations in paragraph 68 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 68.

69.     Defendants state that the allegations in paragraph 69 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  Defendants state that the remaining allegations in paragraph 69 constitute legal conclusions as to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 69.

70.     Defendants state that the allegations in paragraph 70 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 70.

71.     Defendants state that the allegations in paragraph 71 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 71.

72.     Defendants state that the allegations in paragraph 72 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 72.

73.     Defendants state that the allegations in paragraph 73 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 73.

## V.  SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

## (Against MLIC)

## (By Plaintiff, individually, as Trustee of the Gary Lang Trust)

74.     MLIC[1] hereby incorporates paragraphs 1-73 of this Answer, and by reference incorporates each and every denial of any allegations therein as if set forth herein.

75.     MLIC denies the allegations in paragraph 75, inclusive of all of its subparts.

76.     MLIC states that the allegations in paragraph 76 refer to the Group Policy and certificate, the full terms of which speak for themselves.  MLIC further states that the allegations in paragraph 76 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 76.

77.     MLIC denies the allegations in paragraph 77.

78.     MLIC denies the allegations in paragraph 78.

79.     MLIC states that the allegations in paragraph 79 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 79.

80.     MLIC denies the allegations in paragraph 80.

81.     MLIC states that the allegations in paragraph 81 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 81.

82.     MLIC states that the allegations in paragraph 82 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 82.

83.     MLIC states that the allegations in paragraph 83 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 83.

---

[1] The allegations contained in Paragraphs 74-85 apply only to MLIC because this cause of action is not asserted as to Mercer, and therefore no response from Mercer is required.  To the extent a response is required, Mercer denies the allegations in Paragraphs 74-85.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

84.     MLIC states that the allegations in paragraph 84 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 84.

85.     MLIC states that the allegations in paragraph 85 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 85.

## VI.  THIRD CAUSE OF ACTION

### BAD FAITH VIOLATION OF IMPLIED COVENANT

### OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF TRUST

### (Against MLIC)

### (By Plaintiff, individually, as Trustee of the Gary Lang Trust)

86.     MLIC[2] hereby incorporates paragraphs 1-85 of this Answer, and by reference incorporates each and every denial of any allegations therein as if set forth herein.

87.     MLIC denies the allegations in paragraph 87.

88.     MLIC is without information sufficient to admit or deny whether Ms. Larone was the trustee of The Gary Lang Trust.  MLIC denies the remaining allegations in paragraph 88.

89.     MLIC denies the allegations in paragraph 89.

90.     MLIC denies the allegations in paragraph 90.

91.     MLIC states that the allegations in paragraph 91 refer to Insurance Code Sections 10113.71 and 10113.72, the full terms of which speak for themselves.  MLIC states that the allegations in paragraph 91 refer to the Group Policy and certificate, the full terms of which speak for themselves.  MLIC further states that the allegations in paragraph 91 constitute legal conclusions to which no

---

[2] The allegations contained in Paragraphs 86-96 apply only to MLIC because the Court dismissed this cause of action as to Mercer, and therefore no response from Mercer is required.  To the extent a response is required, Mercer denies the allegations in Paragraphs 86-96.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 92.

92.   MLIC denies the allegations in paragraph 92.

93.   MLIC denies the allegations in paragraph 93.

94.   MLIC denies the allegations in paragraph 94.

95.   MLIC states that the allegations in paragraph 95 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 95.

96.   MLIC states that the allegations in paragraph 96 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 96.

## VII.  CLASS ACTION ALLEGATIONS

97.   Defendants deny the allegations in paragraph 97.

98.   Defendants deny the allegations in paragraph 98.

99.   Defendants deny the allegations in paragraph 99.

100.  Defendants deny the allegations in paragraph 100.

101.  Defendants deny the allegations in paragraph 101.

102.  Defendants deny the allegations in paragraph 102.

103.  Defendants deny the allegations in paragraph 103.

104.  Defendants state that the allegations in paragraph 104 constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 104 and state that a class is not warranted here.  Defendants further state that Plaintiff does not have standing to bring a class action on behalf of past, present, and future owners or beneficiaries of individual life insurance policies.

105.  Defendants state that the allegations in paragraph 105 constitute a legal conclusion to which no response is required.  To the extent any response is

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

required, Defendants deny the allegations in paragraph 105 and state that a class is not warranted here.

106. Defendants state that the allegations in paragraph 106 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 106 and state that a class is not warranted here.

107. Defendants state that the allegations in paragraph 107 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 107 and state that a class is not warranted here.

108. Defendants state that the allegations in paragraph 108 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 108 and state that a class is not warranted here.

109. Defendants state that the allegations in paragraph 109 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 109 and state that a class is not warranted here.

110. Defendants state that the allegations in paragraph 110 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 110 and state that a class is not warranted here.

111. Defendants state that the allegations in paragraph 111 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 111 and state that a class is not warranted here.

112. Defendants state that the allegations in paragraph 112 constitute a legal conclusion to which no response is required. To the extent any response is

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

required, Defendants deny the allegations in paragraph 112 and state that a class is not warranted here.

113.   Defendants state that the allegations in paragraph 113 constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 113 and state that a class is not warranted here.

114.   Defendants state that the allegations in paragraph 114 constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 114 and state that a class is not warranted here.

115.   Defendants state that the allegations in paragraph 115 constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 115 and state that a class is not warranted here.

116.   Defendants state that Plaintiff's claims have no merit and Plaintiff is therefore not entitled to attorneys' fees in connection with this lawsuit.

## CLASS CAUSES OF ACTION

## VIII.  FOURTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT OR RELIEF

### (Cal. Civ. Code §§ 1060, et seq.)

### (By Plaintiff, on Behalf of the Class)

117.   Defendants hereby incorporate paragraphs 1-116 of their Answer, and by reference incorporate each and every denial of any allegations therein as if set forth herein.

118.   Defendants admit that they deny their conduct violated the Statutes. Defendants state that the remaining allegations in paragraph 118 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 118.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## IX.  FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against MLIC)

### (By Plaintiff, on Behalf of the Class)

119.   MLIC[3] hereby incorporates paragraphs 1-118 of this Answer, and by reference incorporates each and every denial of any allegations therein as if set forth herein.

120.   MLIC denies the allegations in paragraph 120.

121.   MLIC states that the allegations in paragraph 121 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 121.

122.   MLIC states that the allegations in paragraph 122 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 122.

123.   MLIC states that the allegations in paragraph 123 constitute legal conclusions to which no response is required.  To the extent any response is required, MLIC denies the allegations in paragraph 123.

## X.  SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (California Business & Professions Code §§ 17200, et seq.)

### (Against All Defendants)

### (By Plaintiff, on Behalf of the Class)

124.   Defendants hereby incorporate paragraphs 1-123 of their Answer, and by reference incorporate each and every denial of any allegations therein as if set forth herein.

---

[3] The allegations contained in Paragraphs 120-24 apply only to MLIC because this cause of action is not asserted as to Mercer, and therefore no response from Mercer is required.  To the extent a response is required, Mercer denies the allegations in Paragraphs 120-24.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

125. Defendants state that the allegations in paragraph 125 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants state that the allegations in paragraph 130 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 130.

131. Defendants state that the allegations in paragraph 131 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 131.

132. Defendants state that the allegations in paragraph 132 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 132.

133. Defendants state that the allegations in paragraph 133 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 133.

134. Defendants state that the allegations in paragraph 134 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 134.

135. Defendants state that the allegations in paragraph 135 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 135.

136. Defendants state that Plaintiff's claims have no merit and Plaintiff is therefore not entitled to attorneys' fees in connection with this lawsuit.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

# XI.  PRAYER FOR RELIEF

Defendants deny that Plaintiff has any meritorious claim which would entitle her to relief and denies any implication that class treatment is appropriate. Accordingly, Defendants deny Plaintiff's Prayer for Relief.

## <u>DEFENSES</u>

<u>By stating the following Defenses, Defendants do not assume any burden that Defendants would not otherwise have as a matter of law.</u>

## FIRST DEFENSE

### (Failure to State a Cause of Action)

As and for a separate defense to Plaintiff's SAC, the SAC fails in whole or in part to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Lack of Statutory Standing)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims are barred in whole or in part because Plaintiff lacks statutory standing.

## THIRD DEFENSE

### (Lack of Article III Standing)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims fail in whole or in part because Plaintiff lacks injury as a result of any conduct by Defendant and thus lacks Article III standing to bring suit.

## FOURTH DEFENSE

### (Statute of Limitations)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

### FIFTH DEFENSE

#### (Laches)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH DEFENSE

#### (Waiver and Estoppel)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### SEVENTH DEFENSE

#### (Compliance)

As and for a separate defense to Plaintiff's SAC, Plaintiff should take nothing on her SAC because Defendants substantially complied with all duties and obligations, whether express or implied, owed to Plaintiff under the terms of the certificate and applicable law.

### EIGHTH DEFENSE

#### (Intervening, Superseding and/or Supervening Acts)

As and for a separate defense to Plaintiff's SAC, Plaintiff's alleged damages (the fact and extent of which Defendants deny) were proximately caused by intervening, superseding and/or supervening acts for which Defendants have no liability.

### NINTH DEFENSE

#### (No Damages)

As and for a separate defense to Plaintiff's SAC, Plaintiff has not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Defendants.

**TENTH DEFENSE**

(Unjust Enrichment)

As and for a separate defense to Plaintiff's SAC, and all recovery by Plaintiff would be unjust and inequitable under the circumstances because Mr. Lang failed to make his required premiums.

**ELEVENTH DEFENSE**

(No Duty to Perform)

As and for a separate defense to Plaintiff's SAC, Defendants' duty to perform, if any, was excused, rescinded and/or extinguished through the acts or omissions of Mr. Lang and/or Plaintiff.

**TWELFTH DEFENSE**

(Setoff/Offset)

As and for a separate defense to Plaintiff's SAC, Plaintiff's claims and remedies are subject to setoff/offset.

**THIRTEENTH DEFENSE**

(Mitigation of Damages)

As and for a separate defense to Plaintiff's SAC, Plaintiff has failed, neglected and/or refused to mitigate her alleged injuries and damages.

**FOURTEENTH DEFENSE**

(Statutes Do Not Apply)

As and for a separate defense to Plaintiff's SAC, Plaintiff's attempt to apply Insurance Codes Section 10113.71 and 10113.72 to a certificate related to a group policy issued and delivered outside of California is contrary to law and also unconstitutional under the United States and California Constitutions in that, among other things, it violates the due process clause, the contracts clause, the takings clause and/or imposes and undue burden on interstate commerce.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**ADDITIONAL DEFENSES**

Defendants reserve their rights to assert such other additional defenses as may be revealed through further investigation and discovery in this case. WHEREFORE, Defendants pray that Plaintiff take nothing by the Second Amended Complaint; that the Second Amended Complaint be dismissed with prejudice, or alternatively, that judgment enter in favor of Defendants; and for any other and further relief as the Court may deem just and proper.

Dated:  July 15, 2022

Respectfully submitted,

DENTONS US LLP

By: ____/s/ Sandra D. Hauser_____
Sandra D. Hauser

Attorneys for Defendants
METROPOLITAN LIFE INSURANCE COMPANY and MERCER HEALTH AND BENEFITS ADMINISTRATION, LLC